UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 11-3700 DSF (PJWx) | Date | 12/9/11 |
|---|---|---|---|
| Title | Christopher Kodesh, et al. v. Aurora Loan Services LLC, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Granting Substitution of Counsel Nunc Pro Tunc, and Order to Show Cause re Dismissal

   On September 15, 2011, Arshak Bartoumian filed his request to substitute into this case for Plaintiffs, who had previously represented themselves. Counsel failed to submit a mandatory chambers copy of his request for substitution of attorney, and a proposed order in proper Word or WordPerfect format, as required by the General Orders of the Central District of California and this Court's Standing Order. Nevertheless, the docket has reflected that Mr. Bartoumian is counsel for Plaintiffs, insuring that all documents are served on him, rather than on the Plaintiffs. To clarify the record, and despite counsel's failure to comply with this Court's rules and orders, the Court grants the substitution nunc pro tunc to September 15, 2011.

   On October 5, 2011, Defendant Aurora Loan Services filed a Motion to Dismiss the Complaint, which was served on Mr. Bartoumian. Counsel failed to respond or to file the Notice of Non-Opposition required by Local Rule 7-9.

   On October 20, 2011, the Court issued its Order to Show Cause re Sanctions for Failure to Comply with Court Orders. The Court ordered counsel to provide the Court with chambers copies of his request for substitution of attorney, and with a proposed order in proper Word or WordPerfect format. The Court also ordered counsel to show cause in writing no later than October 31 why counsel should not be sanctioned in the amount of $250 for his failure to comply with the Court's previous requests. Counsel failed to respond to the Order to Show Cause or otherwise show why sanctions should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

not be imposed.  Therefore, the Court ordered counsel to pay sanctions in the amount of $250 to the Clerk of the United States District Court for the Central District of California no later than November 14, 2011.  Counsel failed to pay such sanctions.  The Court then sanctioned Mr. Bartoumian in the additional amount of $1000 for his continued failure to follow Court orders, making the total sanction $1,250 to be paid to the Clerk of the Court.

On November 7, 2011, the Court granted Aurora's unopposed motion to dismiss, but granted leave to amend no later than November 28, 2011.

On November 28, 2011, counsel e-filed an amended complaint.  Because amended complaints are "case initiating documents" pursuant to this Court's General Orders, they must be manually filed at Civil Intake.  An Order to strike the amended complaint was issued on November 30, 2011, but counsel has failed to correct his error and no amended complaint has been filed.

In response to the Court's previous sanctions order, counsel filed a declaration, but failed to file the mandatory paper chambers copy.  The declaration purports to be offered pursuant to provisions of the California Code of Civil Procedure and California Rules of Court, as well as California case law.  The declaration is signed under penalty of perjury under the laws of the State of California.  (An unsworn declaration made within the United States and submitted in federal court must be made under penalty of perjury in "substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.'"  28 U.S.C. § 1746.  Declarations made solely under penalty of perjury under state law do not comply with this requirement.)  It should hardly bear noting that this matter is pending in the United States District Court.

While the Court is loathe to dismiss the Plaintiffs' complaint under these circumstances, Mr. Bartoumian's conduct, despite his protestations in the declaration, cannot be attributed to mistake or excusable neglect.  Counsel has handled numerous cases in ths district since 2001. The monetary sanctions imposed thus far have not caused any change in his deficient representation. Therefore, the Court orders counsel to show cause in writing no later than December 20, 2011, why this action should not be dismissed for failure to prosecute and failure to follow Court orders.  So as not to penalize Plaintiffs without affording them an additional opportunity to prosecute their case, the Court will deem the following a sufficient response to the Order to Show Cause:

1.  Counsel is to advise his clients of his various failures to comply with this Court's orders and of the sanctions that have been imposed;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

2. Counsel is to provide his clients with copies of all of the Court's orders in this case;

3. Counsel is to read the Court's General Orders and Local Rules concerning e-filing, and this Court's Standing Order;

4. Counsel is to file a declaration no later than December 20, 2011 stating that he has accomplished all of the above;

5. Counsel is to provide to the Chambers e-mail no later than December 20, 2011 an appropriate form of substitution of attorney for execution by the Court;

6. Counsel is to file the amended complaint and any related documents at Civil Intake no later than December 20, 2011, and to follow all other General Orders and Rules relating to the filing of that document.

This Court and its staff have been required to spend an extraordinary amount of time on this matter due solely to the conduct of counsel. That counsel represents mostly plaintiffs and that these are difficult economic times are not justifications for the repeated failure to comply with Court orders. Therefore, the Court imposes additional monetary sanctions of $250, payable to the Clerk of Court no later than December 20, 2011.

IT IS SO ORDERED.